1  Kevin T. Cauley, Esq. (SBN 105082)
   Sierra J. Spitzer, Esq. (SBN 234462)
2  **SCHWARTZ SEMERDJIAN CAULEY & MOOT LLP**
   101 West Broadway, Suite 810
3  San Diego, CA 92101
   Telephone: (619) 236-8821
4  Facsimile: (619) 236-8827

5  Attorneys for Defendant
   NATIONWIDE MUTUAL INSURANCE COMPANY

Case # : 14-03693-MMTN
Debtor.: JAN BERNARD AUSDEMORE
Judge..: MARGARET MANN
Trustee: RICHARD KIPPERMAN
Chapter: MTN

Filed   : July 29, 2015  15:51:55
Deputy  : JIAN LI
Receipt : 227445
Amount  : $176.00

RELIEF ORDERED
Clerk, U.S. Bankruptcy Court
Southern District Of California

## UNITED STATES BANKRUPTCY COURT
### Southern District of California

**VIA FAX**

In Re

JAN BERNARD AUSDEMORE aka DBTI dba
DESIGN/BUILD TENANT IMPROVEMENTS,

Debtor.

US Bankruptcy Court Case No. 14-03693-MM7

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**
(with supporting declarations)
**(ACTION IN NONBANKRUPTCY FORUM)**

Defendant Nationwide Mutual Insurance Company ("Nationwide") respectfully submits the following Points and Authorities in support of its motion for a relief from the automatic stay to allow its motion for summary judgment as to the complaint of Plaintiff/Debtor Jan Bernard Ausdemore, aka DBTI, dba Design/Build Tenant Improvement ("Ausdemore") to be heard in the San Diego Superior Court.

### FACTUAL SUMMARY

On August 17, 2012, approximately two years before the Chapter 7 was filed, Ausdemore, in his individual capacity and doing business under the fictitious

1

MOTION FOR RELIEF FROM AUTOMATIC STAY

business name of Design/Build Tenant Improvements, filed suit in San Diego Superior Court against Nationwide (San Diego Superior Court Case No. 37-2012-00102525-CU-CO-CTL). On February 6, 2013, Ausdemore filed a First Amended Complaint (which is the operative complaint) levying the following causes of action against Defendant Nationwide: (i) breach of contract; (ii) breach of the implied covenant of good faith and fair dealing; and (iii) violation of California Business & Professions Code §7071.11. [A fourth cause of action for unjust enrichment is levied against Defendant David Youngwirth only.]

Nationwide filed a motion for summary judgment/adjudication as to all three causes of action alleged against it in Ausdemore's complaint. The motion was fully briefed and scheduled to be heard on May 9, 2014 in San Diego Superior Court. One day prior to the hearing, Ausdemore filed a Chapter 7 petition with this Court. Bankruptcy Trustee, Richard Kipperman, was appointed to the case.

On December 4, 2014, Mr. Kipperman filed a proposed abandonment of Ausdemore's San Diego Superior Court lawsuit against Nationwide. On January 20, 2015, this Court granted the order for the trustee's abandonment. Mr. Kipperman is actively investigating the assets; thus, the bankruptcy case is likely to continue for quite awhile still, leaving Nationwide waiting on the defensive for indeterminate amount of time.

As such, Nationwide is now seeking more immediate relief from this Court. Although established case law already provides that the automatic stay does not apply to actions brought by the debtor (as is the case here), Nationwide seeks a formal order from this Court to this effect. Said request for relief is also supported by cause and is appropriate under the circumstances.

## LEGAL ANALYSIS

A.  **The Automatic Stay Does Not Apply To Actions By the Debtor.**

In the California Court of Appeals case, *Shah v. Glendale Federal Bank*, 44 Cal.App.4th 1371 (1996), the Court examined the effect of an automatic stay

provision (11 U.S.C. § 362, subd. (a)(1)) on a lawsuit *initiated by* the debtor (rather than *against* the debtor). The Court first looked at the language of title 11 of the United States Code, section 362, subdivision (a)(1) ("section 362(a)(1)") and found that the statutory language with regard to the automatic stay provision is clear and there is no uncertainty as to the legislative intent. (*United States v. Ron Pair Enterprises, Inc.* (1989) 489 U.S. 235, 240–241, 109 S.Ct. 1026, 1029–1030, 103 L.Ed.2d 290.) The statute states:

> "(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—[¶] (1) the commencement or continuation, including the issuance of employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title...." (Italics added.)

California decisional authority holds, based on the plain language of section 362(a)(1), the automatic stay is inapplicable to superior court actions *initiated by* the debtor. (*Shorr v. Kind* (1991) 1 Cal.App.4th 249, 254–255, 2 Cal.Rptr.2d 192 [the automatic stay provision is inapplicable to an action brought by the debtor]; *A. Groppe & Sons Glass Co., Inc. v. Fireman's Fund Ins. Co.* (1991) 232 Cal.App.3d 220, 226–227, 283 Cal.Rptr. 352 ["a cause of action brought *by the debtor* is not tolled by the Bankruptcy Act"]; *Lauriton v. Carnation Co.* (1989) 215 Cal.App.3d 161, 164, 263 Cal.Rptr. 476 ["a debtor's cause of action is not tolled by the filing of a bankruptcy petition"]; *Danielson v. ITT Industrial Credit Co.* (1988) 199 Cal.App.3d 645, 652, 245 Cal.Rptr. 126 ["nothing in the Bankruptcy Act tolls a debtor's cause of action"].) Accordingly, the stay created by Ausdemore's bankruptcy filing does not apply to his pending Superior Court case against

MOTION FOR RELIEF FROM AUTOMATIC STAY

Nationwide, and therefore an order from this Court allowing the Superior Court to hear Nationwide's motion for summary judgment is appropriate.

### B. Cause Exists to Grant Relief from the Automatic Stay

In addition to the inapplicability of the automatic stay in this action, other "cause" exists in favor of lifting the stay to allow Nationwide's motion for summary judgment to proceed. Specifically, 11 USC section 362(d)(1) provides that the Bankruptcy Court may grant relief from the automatic stay provided by § 362(a) "for cause." "Because there is no clear definition of what constitutes `cause', discretionary relief from the stay must be determined on a case by case basis." *MacDonald v. MacDonald (In re MacDonald)*, 755 F.2d 715, 716 (9th Cir. 1985).

The burden of proof on a motion to modify the stay is a shifting one. *In re Plumberex Specialty Products, Inc.*, 311 BR 551, 557 (Bankr.C.D. Cal. 2004). To obtain relief, the movant must make an initial showing of "cause"; once established, the burden shifts to the debtor to show that relief is unwarranted. *Id.; In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1285 (2nd Cir. 1990).

While there is no bright line definition of what constitutes "cause" for purposes of lifting the stay under Section 362(d)(I), courts have devised various factors to consider in determining whether the stay should be lifted to allow a creditor to continue pending litigation in a non-bankruptcy forum. While the specific factors are not strictly uniform among the courts, the most oft-cited list of factors comes from the *Curtis* opinion (*In re Curtis*, 40 B.R. 795,799-800 (Bankr. D.Utah 1984) - which have come to be known as the "Curtis Factors." While the complete

list of Curtis Factors are twelve in number[1], not all factors will be relevant in every case, nor is a court required to give each factor equal weight in making a determination. *In re Plumberex Specialty Products, Inc.*, 311 B.R. 551, 560 (C.D.Cal. 2004). An analysis of those factors that are relevant to the instant case reveals that lifting the stay is both appropriate and warranted.

As addressed in further detail below, in the instant matter, numerous Curtis Factors apply and also support the granting of relief from stay to allow the hearing of Nationwide's summary judgment motion in the pending Superior Court case.

1. <u>Relief Should Result In Complete Resolution of the Issues</u>.

If granted, Nationwide's motion for summary judgment will be dispositive of all pending claims by Ausdemore against it and will result in the dismissal of Ausdemore's case against it. Even if only summary adjudication is granted to certain claims, it will still nonetheless resolve a significant portion of the issues in the case with finality.

2. <u>Relief Will Not Interfere with the Bankruptcy Case Nor Prejudice Others</u>.

The bankruptcy trustee has already elected to abandon Ausdemore's Superior Court action against Nationwide. Thus, the bankruptcy case and the superior court case are already operating independently and action in one will not affect the other.

---

[1] 1The Curtis Factors include: (1) Whether the relief requested will result in a partial or complete resolution of the issues; (2) The lack of any connection with or interference with the bankruptcy case; (3) Whether the foreign proceeding involves the debtor as a fiduciary; (4) Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases; (5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question; (7) Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties; (8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c); (9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f); (10) The interests of judicial economy and expeditious and economical determination of litigation for the parties; (11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and (12) The impact of the stay on the parties and the "balance of hurt." *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D.Utah 1984).

For the same reason, this will not prejudice the claims or interests of the other creditors in the case.

3. <u>The Stay Should Be Lifted In the Interest of Judicial Economy</u>.

The parties had fully briefed and were ready to argue Nationwide's summary judgment motion when Ausdemore filed for bankruptcy just one day before the scheduled hearing. This also resulted in the court abstaining from issuing a tentative ruling on the motion.

Nationwide's motion is poised to dispose of all causes of action alleged against it and, if granted, will result in Nationwide being dismissed with prejudice from the case. The Superior Court action has been abandoned by the Bankruptcy Trustee; thus, the issue will not be heard by this Court. Rather, it will be delayed for an uncertain matter of time until after the bankruptcy proceedings have concluded. It is our understanding that the trustee is actively investigating the assets in this case and that the bankruptcy matter is likely to continue for quite some time to come. Thus, given that allowing the Superior Court to hear Nationwide's motion will not interfere with the bankruptcy case as well as the fact that it will possibly dispose entirely of Ausdemore's case against Nationwide, it is in the interest of justice and judicial economy that the automatic stay be lifted allowing the Superior Court to rule on the summary judgment motion on a more expedited basis rather than being forced to wait for the bankruptcy proceedings to end.

4. <u>The "balance of hurt" weighs in favor of lifting the stay</u>.

Nationwide's summary judgment motion has already been fully briefed by the parties; thus, no further written motion work would need to be done. The motion would simply need to be reset for a new hearing date. As such, allowing the summary judgment hearing to go forward would not impose a substantial burden on either of the parties.

By contrast, the current imposition of the stay is allowing for litigation to loom over Nationwide when it should not. The law is clear that the stay does not

apply to actions by the debtor, so there should be no reason to continue to prolong (for an indeterminate amount of time) a potential resolution of Ausdemore's case against Nationwide.

## CONCLUSION

Based upon the factors set forth in this motion and for good cause existing, Nationwide requests that relief from stay be granted by this Court, thereby allowing Nationwide's Motion for Summary Judgment/Adjudication to be heard and ruled upon by the San Diego Superior Court.

Respectfully Submitted,

Dated: July 28, 2015

SCHWARTZ SEMERDJIAN CAULEY & MOOT LLP

By: _____
Kevin T. Cauley
Sierra J. Spitzer

Attorneys for Defendant Nationwide Mutual Insurance Company

Kevin T. Cauley, Esq. (SBN 105082)
**SCHWARTZ SEMERDJIAN CAULEY & MOOT LLP**
101 West Broadway, Suite 810
San Diego, CA 92101
Telephone: (619) 236-8821
Facsimile: (619) 236-8827

## PROOF OF SERVICE BY MAIL

I, Jennifer Welk, declare: That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California in which county the within-mentioned mailing occurred. My business address is 101 West Broadway, Suite 810, San Diego, California 92101.

I served the following documents:

MOTION FOR RELIEF FROM THE AUTOMATIC STAY
UNDER 11 U.S.C. § 362
(with supporting declarations)
(ACTION IN NONBANKRUPTCY FORUM)

DECLARATION OF SIERRA J. SPITZER IN SUPPORT OF MOTION FOR
RELIEF FROM THE AUTOMATIC STAY
UNDER 11 U.S.C. § 362

on the parties in said action by placing a true copy thereof in a separate sealed envelope for each addressee named hereafter, addressed to each such addressee respectively as follows:

**Dennis Winters**
Winters Law Firm
1820 East 17th Street
Santa Ana, CA 92705

**Gary E. Slater**
**Timothy Truxaw**
Slater & Truxaw, LLP
15373 Innovation Drive, Suite 210
San Diego, CA 92128

**Richard M Kipperman**
Corporate Management
P.O. Box 3010
La Mesa, CA 91944-3010

**Jason R. Thornton**
Marks, Finch, Thornton & Baird, LLP
4747 Executive Drive, Suite 700
San Diego, CA 92121

I then sealed each envelope and, with the postage thereon fully prepaid, placed it for mailing with the United States Postal Service in accord with our business' practice at San Diego, California on July 29, 2015.

1  I am readily familiar with our business practice for collecting, processing, and mailing correspondence and pleadings with the United States Postal Service. Such correspondence and pleadings are deposited with the United States Postal Service on the same day that it is placed for mailing in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 29, 2015

_____
Jennifer Welk

**VIA FAX**

2

PROOF OF SERVICE BY MAIL